HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIC MILLER, an individual; and
VIDBOTZ, LLC, a Washington limited
liability company,

        Plaintiffs,

   v.

DEVIN NORRIS, an individual; and JUNE
BUG LABS LLC, a Delaware limited liability
company,

        Defendants.

Case No. 2:19-cv-01638-RAJ

**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order. Dkt. # 3. Defendant opposes the Motion (Dkt. # 18). Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.[1] For the reasons that

---

[1] It is within the court's discretion to deny a motion for a temporary restraining order without an evidentiary hearing. *Cf. Anderson v. Jackson,* 556 F.3d 351, 361 (5th Cir. 2009); *Nat'l Propane Gas Ass'n v. U.S. Dep't of Homeland Sec.,* 534 F. Supp. 2d 16, 19

ORDER – 1

follow, the Court **DENIES** the Motion.

## I. BACKGROUND

Vidbotz LLC, is a Washington-based company that "designs, develops, and produces video and media content." Dkt. # 1 at ¶ 7. The company was formed in April 2016 by Plaintiff Eric Miller ("Mr. Miller") and Defendant Devin Norris ("Mr. Norris"). *Id.* On August 25, 2016, Mr. Miller and Mr. Norris entered into a Founders' Agreement, which purportedly established their rights and responsibilities to Vidbotz and to one another. *Id.* at ¶ 8. The Founders' Agreement includes, among other things, non-compete and confidentiality clauses, along with provisions assigning ownership in intellectual property related to Vidbotz's work to Vidbotz. *Id.*

Plaintiffs allege that Mr. Norris violated the Founders' Agreement when he formed a new competitor company, June Bug Labs, in December 2018 and began pitching its services to Vidbotz's clients. Dkt. # 1 at ¶ 28. According to Plaintiffs, the products and services being offered by June Bug Labs and Mr. Norris (collectively the "Defendants") are directly competitive with Vidbotz in violation of the Founders' Agreement. *Id.* at ¶ 30. For example, Plaintiffs allege that June Bug Labs is marketing a "QR code solution" that is "strikingly similar" to a QR code interface solution that Mr. Norris had previously pitched to Mr. Miller. Id. at ¶ 29. In addition, Plaintiffs claim that Mr. Norris refuses to return proprietary Vidbotz property in his possession, including the passwords and access codes to Defendants' Electronic Storage System containing Vidbotz intellectual property. Dkt. # 1 at ¶¶ 60-61.

Plaintiffs filed this action on October 14, 2019 alleging misappropriation of trade secrets, violation of the Computer Fraud and Abuse Act ("CFAA"), violation of the Stored Communications Act ("SCA"), violation of the Washington Consumer Protection Act ("CPA"), and breach of contract. Dkt. # 1. The following day, Plaintiffs filed the

---

(D.D.C. 2008); *Rottman v. Penn. Interscholastic Athletic Ass'n, Inc.,* 349 F. Supp. 2d 922, 928 (W.D. Pa. 2004).

ORDER – 2

instant Motion for a Temporary Restraining Order. Dkt. # 3. Defendants oppose the Motion. Dkt. # 18.

## II. LEGAL STANDARD

Temporary restraining orders ("TRO") are governed by the same standard applicable to preliminary injunctions. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., Inc.* 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a TRO, Plaintiffs must show that they are (1) likely to succeed on the merits, (2) likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## III. DISCUSSION

Plaintiffs ask the Court to issue a TRO enjoining Defendants from accessing or using Vidbotz's trade secrets and other confidential information, and from violating the non-compete terms of the Founders' Agreement. Dkt. # 3. Plaintiffs also ask the Court to require Defendants to return Vidbotz's company property, including all access codes and passwords to Vidbotz's accounts. *Id.*

### A. **Likelihood of Success on the Merits**

The parties' moving papers reveal numerous disputes of fact that preclude the Court from determining Plaintiffs are likely to prevail on the merits of their claims. With respect to Plaintiffs' trade secrets and CPA claim, the parties offer competing evidence regarding the existence of Vidbotz's intellectual property. Plaintiffs claim that Mr. Norris misappropriated Vidbotz intellectual property, including the eBooks program and QR interface. Dkt. # 4 at ¶ 13. Defendants' view is that Vidbotz does not have any intellectual property and that the technology referred to by Plaintiffs is either publicly

ORDER – 3

available or maintained by third party vendors. Dkt. # 19 at ¶ 8. Similarly, with respect to Plaintiffs' CFAA and SCA claim, the parties dispute whether Mr. Norris' access to Vidbotz's computer systems was "unauthorized." Plaintiffs argue that Mr. Norris was not "authorized to access or download Vidbotz's data, files, records, or other information onto any of Defendants' devices or accounts" (Dkt. # 3 at 18), while Defendants argue that Mr. Norris is a co-founder of Vidbotz, and as such "has as much right as anyone to access Vidbotz's computer system." Dkt. # 18 at 12.

Finally, there are significant factual disputes regarding the competitive nature of June Bug Labs, and whether Defendants are "directly" competing with Vidbotz in violation of the Founders' Agreement. Plaintiffs argue that Mr. Norris and June Bug Labs are offering products and services directly competitive with Vidbotz in violation of the Founders' Agreement, including the QR interface solution and eBooks technology. Dkt. # 4 at ¶ 13. Defendants contend that June Bug Labs is not "directly competing" with Vidbotz because it is offering a different product, the eBooks platform rather than eBooks content. Dkt. # 19 at ¶¶ 19-23. In addition, even if June Bug Labs and Vidbotz are in direct competition, Defendants argue that Mr. Norris satisfied his contractual obligation when he disclosed June Bug Labs to Mr. Miller and invited him to participate in the new entity. Dkt. # 18 at 9; Dkt. # 19 at ¶¶ 24-25.

"In deciding a motion for preliminary injunction, the district court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Int'l Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (internal citations omitted). In addition, if substantial factual disputes are presented, it may be inappropriate to grant injunctive relief. *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2014 WL 6788310, at *8 (N.D. Cal. Dec. 2, 2014) ("Perhaps UTS will ultimately be able to demonstrate that it is the rightful owner of the registered PepperBall mark, but claims under Section 32 of the Lanham Act are reserved for 'registrants' of the mark, and at this point there are too many unresolved issues and

ORDER – 4

factual disputes for the Court to find that UTS has demonstrated a likelihood of success that it is the 'registrant' within the meaning of the Lanham Act."); *Occupy Fresno v. Cty. of Fresno*, 835 F. Supp. 2d 849, 862 (E.D. Cal. 2011) ("To the extent that there is a dispute of fact about this issue, it precludes the granting of Plaintiffs' Motion on this ground."); *The Planing Mill, L.L.C. v. Hays Planing Mill, Inc*., 2005 WL 1319144, at *5 (D. Kan. June 2, 2005) (plaintiff did not demonstrate a substantial likelihood of success where the transfer of the trademark at issue was disputed).

This case presents both difficult questions of law and disputed questions of fact and the Court declines to resolve these factual disputes on such a limited record. Accordingly, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits.

### B. <u>Likelihood of Irreparable Harm</u>

Even if Plaintiffs could establish a likelihood of success on the merits, Plaintiffs have failed to establish that they will suffer irreparable harm if the TRO is not granted. Plaintiffs argue that they will lose "intellectual property and client relationships" if the TRO is not granted. Dkt. # 3 at 23. But, as discussed above, the Court is not persuaded that Plaintiffs, on the present record, have shown a likelihood of establishing that Defendants misappropriated Plaintiffs' intellectual property or trade secrets, that Defendants accessed Vidbotz's computer systems without authorization, or that June Bug Labs is in direct competition with Vidbotz.

Moreover, Plaintiffs' delay in seeking injunctive relief undermines their claim of irreparable harm. Here, Plaintiffs admit that Mr. Miller has known of the existence of June Bug Labs, the alleged competitor, since December 2018 when Mr. Norris informed Mr. Miller that he was forming a new company and "pitching its services to Vidbotz's

ORDER – 5

clients." Dkt. # 4 at ¶ 13.[2]  In March 2019, Plaintiffs allege that Vidbotz employees expressed concerns that Mr. Norris' role at June Bug Labs was a conflict of interest and that his communications on behalf of June Bug Labs were confusing to Vidbotz's clients. *Id*. at ¶ 14.  Throughout the summer of 2019, Plaintiffs claim that Mr. Norris stopped responding to Mr. Miller's requests for information regarding the eBooks program. *Id.* at ¶ 19.  Beginning in August 2019, Mr. Miller claims that Mr. Norris began asking for Vidbotz's proprietary information, including access to a client relationship management application that Mr. Miller contends Mr. Norris "had no legitimate reason" to access. Dkt. # 4 at ¶ 20.  Finally, on September 10, 2019, Mr. Miller alleges that he learned that Mr. Norris was developing and marketing eBooks technology to other clients outside of his role with Vidbotz and in direct competition with Vidbotz. *Id.* at ¶ 22.  Still, Plaintiffs did not file this <u>emergency</u> motion for a temporary restraining order until October 15, 2019.  Dkt. # 3.

In short, there is nothing before the Court to suggest that Plaintiffs could not have sought relief at an earlier date rather than seeking emergency relief now by way of a temporary restraining order. *See Lydo Enters. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief."); *Dahl v. Swift Distrib., Inc.*, 2010 WL 1458957, at *4 (C.D. Cal. 2010) (finding that eighteen-day delay in filing TRO application "implie[d] a lack of urgency and irreparable harm").  Accordingly, the Court finds that Plaintiffs have failed to sufficiently demonstrate irreparable harm.

Because Plaintiffs have failed to establish either a likelihood of success on the merits or a likelihood of irreparable harm, the Court declines to consider the remaining two elements of the test.  *Germon v. Times Mirror Co.*, 520 F.2d 786, 788 (9th Cir. 1975)

---

[2] Defendants contend that Mr. Miller knew of June Bug Labs as early as May 2018 and that the parties engaged a mediator in August 2018 to discuss Mr. Miller and Vidbotz's potential participation in the new venture.  Dkt. # 19 at ¶ 26.

ORDER – 6

(ruling that because movant failed to sustain burden of showing likelihood of success on the merits, court need not consider issue of irreparable injury).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for a Temporary Restraining Order.[3]  Dkt. # 3.

DATED this 30th day of October, 2019.

The Honorable Richard A. Jones
United States District Judge

---

[3] The Court acknowledges that there is an existing dispute regarding the existence of a mandatory arbitration clause and the basis for Plaintiffs' federal claims.  *See* Dkt. ## 18, 24, and 26.  However, the Court declines to engage these issues on the pending Motion.

ORDER – 7